# EX PARTE UBALDINO RAMIREZ.

San Juan, Naturalization, No. 860.

NATURALIZATION OF PORTO RICAN.

Naturalization—Military.

    1. An Act of May 9, 1918, providing that a Porto Rican who was enlisted may be declared naturalized, applies to a Porto Rican who had disclaimed American citizenship under § 5 of the Jones Act but afterwards had served in the Army.

Same—Form of Oath.

    2. A Porto Rican cannot renounce foreign allegiance. But where he has previously renounced American citizenship he must, before being naturalized, abjure any and all prior declarations of intention not to become an American citizen and then take the usual oath of allegiance.

Opinion filed July 31, 1918.

*Mr. Frank Martinez* for petitioner.

HAMILTON, Judge, delivered the following opinion:

1. The naturalization laws have been largely amended during the present war, especially with a view of making American citizens of men who have joined the American Army. It seems to be only just that a man who is willing to die in the defense of the United States should be admitted to American citizenship. This being the evident policy of the new laws, they will even in case of doubt be construed to effect this result.

## Ex Parte Ramirez.

The applicant is one of those Porto Ricans, supposed to be 288 in number, who, unfortunately for themselves, followed the independence movement of some years ago and after the passage of the Jones Act disclaimed American citizenship within the six months allowed by that law. This was a serious step, and those persons deserve no sympathy so long as they persist in what they themselves voluntarily have chosen. The United States, however, is not vindictive, especially to people who have not seen their own interest, and, as shown by recent legislation, is perfectly willing to accept these people as citizens where they have by service in the field brought forth fruits worthy of repentence. Such is the case of the applicant. An amendment of May 9, 1918, provides that "any alien or any Porto Rican not a citizen of the United States of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States . . . may on presentation of the required declaration of intention petition for naturalization." [40 Stat. at L. —, chap. —, Comp. Stat. —, § 4352]. This certainly exempts him from proof of the required five years' residence within the United States by its very terms. The only question is whether it exempts him from waiting two years after his declaration before he can be admitted, as is provided in the case of admission of aliens in general. In the first place a Porto Rican is not an alien. He is at least a quasi American, even where he has not become an American citizen, as has been frequently held by this court. Then, again, the evident intention of the act in question is that, if he is serving in the United States Army, he may become an American citizen. The act was passed May 9, 1918, and prior to that time such a Porto Rican could not apply

for naturalization, and therefore his petition could not antedate that time. If he is required to wait two years he could not be made a citizen before May, 1920. Before that time he may unfortunately have lost his life in the service of the country, or the way may have come to an end. This last would seem to be extremely probable. The result of such a construction, therefore, would be that men in the condition of the petitioner would never get the benefit of the act.

It cannot be supposed that an act so broadly remedial was intended to be so restricted in its application.

The construction will be adopted, therefore, that all that is needed for the petitioner is to produce his petition for naturalization, and that the further steps will be abbreviated as in the case of other soldiers. Petitioner will therefore be admitted to take the oath.

2. There is a difficulty in regard to the form of oath to be taken in such case. Section 30 of the Act of Congress approved June 29, 1906, for the naturalization of people living in any organized territory of the United States, exempts them from renouncing allegiance to any foreign sovereignty, and that applies to a Porto Rican. While he is not an alien, he admits that he has filed in the district court in the district in which he resided before entering the Army a declaration of his intention not to become a citizen of the United States, as provided in the Jones Act of March 2, 1917. It would seem that there should be some renunciation of this declaration, some evidence that it is not to be regarded as outstanding as a mental reservation or anything else. The form of oath usual in naturalization cases will be modified in this case to embrace a declaration that he on oath renounces and abjures any and all prior declar-

Ex Parte Ramirez.

ations of intention not to become an American citizen, and then he will go on and take the usual oath of allegiance to the United States. The acts of Congress above referred to authorize a modification of the naturalization proceedings to meet such special cases.

It is so ordered.